IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2017 JUL 21  A 11: 28

CLERK'S OFFICE
AT GREENBELT

BY____

| | | |
|---|---|---|
| UNITED FOOD AND COMMERCIAL WORKERS UNIONS AND PARTICIPATING EMPLOYERS PENSION FUND, | * | |
| | * | |
| | * | |
| Plaintiff, | * | Case No.: GJH-16-2903 |
| v. | * | |
| MAGRUDER HOLDINGS, INC., *et al.*, | * | |
| Defendants. | * | |
| | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM OPINION

Plaintiff United Food and Commercial Workers Unions and Participating Employers Pension Fund (the "Fund") and its Trustees brings this action against Defendants Magruder Holdings, Inc. ("Magruder") and Fanaroff & Steppa, LLC under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1001 *et seq.* Following Defendant Magruder's failure to answer or otherwise defend in this action, the Clerk entered default against Magruder on December 9, 2016. ECF No. 20. Now pending before the Court is Plaintiff's Motion for Default Judgment against Magruder pursuant to Fed. R. Civ. P. 55. ECF No. 13. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, Plaintiff's Motion for Default Judgment is granted, in part, and denied, in part. Judgment is entered against Defendant Magruder in the total amount of $2,760,573.07. Plaintiff shall re-submit its request for attorneys'

fees and costs, consistent with the Local Rules and Guidelines set forth at Loc. R. 109 and Appendix B (D. Md. July 1, 2016).

## I.     BACKGROUND

The following facts are established by the Complaint, ECF No. 1, and by Plaintiff's memorandum and exhibits in support of the Motion for Default Judgment, ECF Nos. 13–16. The Fund is a multiemployer pension plan within the meaning of Sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3). ECF No. 1 ¶ 4; ECF No. 15 ¶ 2. The Trustees of the Fund are "fiduciaries" with respect to the Fund, as defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are collectively the "plan sponsor" within the meaning of Section 4001(a)(10)(A) of ERISA, 29 U.S.C. § 1301(a)(10)(A). ECF No. 1 ¶ 3. Plaintiffs are authorized to bring this action on behalf of the Fund, its participants, and its beneficiaries for the purpose of collecting withdrawal liability. *See id.* ¶ 5 (citing Sections 502(a)(3), 4221(b)(1), and 4301(a)(1) of ERISA, 29 U.S.C. §§ 1132(a)(3), 1401(b)(1), and 1451(a)(1)). The Trustees administer the Fund at 4301 Garden City Drive, Suite 201, Landover, Maryland, 20785. *Id.* ¶ 6; ECF No. 15 ¶ 2.

Defendant Magruder Holdings, Inc. is a Maryland corporation with its principal place of business at 11820 Parklawn Drive, Suite 200, Rockville, Maryland 20852, and is a "trade or business" within the meaning of ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1). ECF No. 1 ¶ 8. Defendant Magruder is an employer within the meaning of 29 U.S.C. §152(2) and Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and has been engaged in an industry affecting commerce, within the meanings of Sections 3(11) and (12) of ERISA, 29 U.S.C. §§ 1002(11) and (12). *Id.* ¶ 7. At all times relevant to the action, Magruder owned and operated a chain of grocery stores in the Washington, D.C. metropolitan area, and employed employees represented for the purposes of

collective bargaining by the United Food and Commercial Workers Union Local 400 (the "Union"), a labor organization representing employees in an industry affecting interstate commerce. *Id.* ¶ 12.

At all times pertinent to the action, Defendant Magruder was bound by a collective bargaining agreement with the Union (the "Agreement"). ECF No. 1 ¶ 13; ECF No. 15 ¶ 5; *see* ECF No. 15-1 at 2–34.[1] The Agreement obligated Magruder to contribute to the Fund on behalf of Magruder's employees. ECF No. 1 ¶ 14; ECF No. 15 ¶ 5. Additionally, Magruder was required to abide by the terms and conditions of the Fund's Amended and Restated Agreement and Declaration of Trust (the "Trust Document") and to submit monthly reports and payments to the Fund. ECF No. 1 ¶ 15; ECF No. 15 ¶ 6; *see* ECF No. 15-2 at 2–20. In January 2013, the Fund determined that Defendant Magruder was no longer contributing to the Fund, and thus had effected a "complete withdrawal" from the Fund, as defined in Section 4203 of ERISA, 29 U.S.C. § 1383. ECF No. 1 ¶ 16; ECF No. 15 ¶ 7. The Fund further determined that, as a result of the complete withdrawal, the Magruder Controlled Group[2] had incurred withdrawal liability to the Fund in the amount of $1,980,709.00, as determined under Section 4201(b) of ERISA, 29 U.S.C. § 1381(b). ECF No. 1 ¶ 18; ECF No. 15 ¶ 13.

On or about August 9, 2013, the Fund sent the Magruder Controlled Group a revised Notice and Demand for payment of withdrawal liability,[3] informing Magruder that its revised

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

[2] Defendant Magruder, and all trades and businesses in a controlled group with Magruder at the time of the complete withdrawal ("Magruder Controlled Group"), are aggregated and treated as a single employer for purposes of determining, assessing and collecting withdrawal liability. ECF No. 1 ¶ 17 (citing ERISA Section 4001(b), 29 U.S.C. § 1301(b); Treas. Reg. 1.414(c)-2).

[3] The first Notice and Demand, sent by the Fund on or about May 3, 2013, informed the Magruder Controlled Group that its withdrawal liability was $1,922,817.00, payable in a single lump sum or fifty-six (56) quarterly payments of $53,722.00 and a final payment of $27,910.00. ECF No. 1 ¶ 20; *see* ECF No. 15-3 at 2–7. Defendant Magruder responded to the Fund's first Notice and Demand with a request for review of the Fund's assessment of withdrawal

withdrawal liability was $1,980,709.00, payable in a single payment or sixty-one quarterly payments of $52,996.00 and a final payment of $13,869.00. ECF No. 1 ¶¶ 22–23; *see* ECF No. 15-5 at 2–8.[4]

The Magruder Controlled Group failed to pay the withdrawal liability payments when due. ECF No. 1 ¶ 24. By letter dated November 12, 2013, the Fund informed the Magruder Controlled Group that it was in default, and that its withdrawal liability would be accelerated pursuant to ERISA Section 4219(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A) and the Fund's Withdrawal Liability Rules. *Id.* ¶ 25; ECF No. 15 ¶ 14; *see* ECF No. 15-6 at 2–3. The Trustees declared the Magruder Controlled Group to be in immediate default within the meaning of Section 4219(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A), and that the entire amount of the Magruder Controlled Group's withdrawal liability, plus interest accruing from August 28, 2013 through the date paid, and liquidated damages of at least $396,141.00, were now owed to the Fund. ECF No. 1 ¶ 25.

Plaintiff filed the instant Complaint against Defendants Magruder Holdings, Inc. and Fanaroff & Steppa, LLC, on August 17, 2016. ECF No. 1. Fanaroff & Steppa filed an Answer on October 24, 2016. ECF No. 7. Following Defendant Magruder's failure to answer or otherwise defend in the action, Plaintiff filed a Motion for Clerk's Entry of Default against Magruder on November 2, 2016, ECF No. 12; and the Clerk entered default against Magruder on December 9, 2016. ECF No. 20. Plaintiff also concurrently filed a Motion for Default Judgment, ECF No. 13, along with an accompanying Memorandum and exhibits. ECF Nos. 14–16. Magruder has not entered an appearance or otherwise defended in this matter, and the time to respond to Plaintiff's

---

liability. ECF No. 1 ¶ 21; *see* ECF No. 15-4 at 2–3. Magruder also represented that it had "liquidated its assets in the process of winding up its affairs; there is no money to pay the installment." *See id.*

[4] 29 U.S.C. § 1399(b) provides that "[a]s soon as practicable after an employer's complete or partial withdrawal, the plan sponsor shall (A) notify the employer of (i) the amount of the liability, and (ii) the schedule for liability payments, and (B) demand payment in accordance with the schedule."

Motion for Default Judgment has passed. The Court has reviewed the record and relevant authorities, and now grants the Motion for Default Judgment for a total amount of $2,760,573.07 — representing $1,980,709.00 in withdrawal liability, $383,722.27 in interest accrued, and $396,141.80 in liquidated damages pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2). However, because the request for attorneys' fees and costs in the current amount of $18,537.44 in attorneys' fees and costs does not comply with the Local Rules and Guidelines set forth at Loc. R. 109 and Appendix B, Plaintiff shall be directed to re-submit this request.

## II.    STANDARD OF REVIEW

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "A defendant's default does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court." *Educ. Credit Mgmt. Corp. v. Optimum Welding*, 285 F.R.D. 371, 373 (D. Md. 2012). Although "[t]he Fourth Circuit has a 'strong policy' that 'cases be decided on their merits,'" *Choice Hotels Intern., Inc. v. Savannah Shakti Carp.*, No. DKC-11-0438, 2011 WL 5118328 at *2 (D. Md. Oct. 25, 2011) (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), "default judgment may be appropriate when the adversary process has been halted because of an essentially unresponsive party[.]" *Id.* (citing *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005)).

"Upon default, the well-pled allegations in a complaint as to liability are taken as true, although the allegations as to damages are not." *Lawbaugh*, 359 F. Supp. 2d at 422; *see also Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (noting that "[t]he defendant, by [its] default, admits the plaintiff's well-pleaded allegations of fact," which provide

the basis for judgment). Upon a finding of liability, "[t]he court must make an independent determination regarding damages . . ." *Int'l Painters & Allied Trades Indus. Pension Fund v. Capital Restoration & Painting Co.*, 919 F. Supp. 2d 680, 684 (D. Md. 2013). Fed. R. Civ. P. 54(c) limits the type of judgment that may be entered based on a party's default: "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." While the Court may hold a hearing to prove damages, it is not required to do so; it may rely instead on "detailed affidavits or documentary evidence to determine the appropriate sum." *Adkins*, 180 F. Supp. 2d at 17 (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)).

### III.    ANALYSIS

The Court has subject matter jurisdiction over this action pursuant to Section 502 of ERISA, 29 U.S.C. § 1132 and 1451(c). Personal jurisdiction and venue are proper under 29 U.S.C. §§ 1132(e)(2), 1451(d), as the Fund is administered in Landover, Maryland. *See Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. McD Metals, Inc.*, 964 F. Supp. 1040 (E.D. Va. 1997); *Trustees of Nat. Automatic Sprinkler Indus. Pension Fund v. Best Automatic Fire Prot., Inc.*, 578 F. Supp. 94, 95 (D. Md. 1983).

Under ERISA, "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145; *see Bd. of Trustees, Sheet Metal Workers' Nat'l Pension Fund v. Camelot Constr., Inc.*, No. 1:14-CV-161-LMB-TRJ, 2015 WL 13050031, at *3 (E.D. Va. Apr. 14, 2015). "If an employer withdraws from a multiemployer plan in a complete withdrawal or a partial withdrawal, then the employer is liable to the plan in the amount

determined under this part to be the withdrawal liability." 29 U.S.C. § 1381. The failure of an

employer to make a withdrawal liability payment is to be treated in the same manner as a

delinquent contribution under 29 U.S.C. § 1145. 29 U.S.C. § 1451; *see Camelot Constr., Inc.*,

2015 WL 13050031, at *3 (E.D. Va. Apr. 14, 2015); *Bd. of Trustees Sheet Metal Workers' Nat.

Pension Fund v. Columbus Show Case Co.*, No. 1:14-CV-478, 2014 WL 3811252, at *3 (E.D.

Va. Aug. 1, 2014).

      29 U.S.C. § 1132(g)(2) provides that in any action brought to enforce the payment of

delinquent contributions, and in which a judgment in favor of the plan is awarded, the court shall

award the plan:

    (A)    the unpaid contributions,
    (B)    interest on the unpaid contributions,
    (C)    an amount equal to the greater of—
       i.  interest on the unpaid contributions, or
      ii.  liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
    (D)    reasonable attorney's fees and costs of the action, to be paid by the defendant, and
    (E)    such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2); *see also Columbus Show Case Co.*, 2014 WL 3811252, at *4 (E.D. Va.

Aug. 1, 2014); *Int'l Painters & Allied Trades Indus. Pension Fund v. Capital Restoration &*

*Painting Co.*, 919 F. Supp. 2d 680, 686 (D. Md. 2013); *Trustees of Plumbers & Pipefitters Nat.*

*Pension Fund v. Lake Side Plumbing & Heating, Inc.*, No. 1:12-CV-00298 LO/IDD, 2012 WL

6203001, at *4 (E.D. Va. Nov. 20, 2012).

      As set forth in the Complaint and exhibits accompanying the Motion for Default

Judgment, Magruder effected a complete withdrawal pursuant to 29 U.S.C. § 1383(b)(2), ECF

No. 15 ¶ 7, and is subject to withdrawal liability in the total amount of $1,980,709.00. ECF No. 15 ¶ 13, ECF No. 15-5 at 4. Magruder has not made any payments under the withdrawal liability payment schedule provided by the Fund, ECF No. 15 ¶ 16, despite its obligation to do so under 29 U.S.C. § 1145, the collective bargaining Agreement, *see* ECF No. 15-1 at 22, and the Fund's Trust Document, *see* ECF No. 15-2 at 15–16.

In addition to the $1,980,709.00 in withdrawal liability, Magruder owes $383,722.27 in interest, accrued from the date due through November 2, 2016, at the Fund's rate of the current prime rate plus 2 percent.[5] ECF No. 13 ¶ 6(b); ECF No. 15 ¶ 17; 29 U.S.C. § 1132(g)(2)(B). Magruder further owes $396,141.80 in liquidated damages, equal to twenty percent of the delinquent withdrawal liability. *See* ECF No. 15 ¶ 17; 29 U.S.C. § 1132(g)(2)(C)(ii).

Finally, Plaintiff requests $18,537.44 in attorneys' fees and costs. ECF No. 14 at 7. In support of this figure, Plaintiff attaches the Declaration of Sharon Goodman, principal of the firm Slevin & Hart, P.C. ECF No. 16. Goodman attests to the years of experience for each attorney on the case. *Id.* ¶ 2. Upon review of the rates requested, however, the hourly rates are not consistent with the rates set forth at Appendix B(3) (D. Md. July 1, 2016). Plaintiff's counsel has provided no justification as to why the Court should deviate from the Local Guidelines in this case. *See* ECF No. 14 at 7; ECF No. 16 at 1–4. Goodman also attaches a summary of the legal services performed in the matter, broken down into date, attorney, narrative of the task, hours expended, and fees charged. However, the Local Rules provide that "[f]ee applications, accompanied by time records, shall be submitted . . . organized by litigation phase." *See* Appendix B(1)(b).

---

[5] In regards to the calculation of interest, the Complaint references "from August 28, 2013 through the date paid." ECF No. 1 ¶ 25. A letter sent to Magruder on November 12, 2013 references the same time period. ECF No. 15-6 at 3. However, the Motion for Default Judgment states "from the date due through the date of judgment." ECF No. 13 ¶ 6(b). The Jensen Declaration states "from June 1, 2013 through November 2, 2016." ECF No. 15 ¶ 17. Finally, a table indicating the calculation of interest provides two end dates: December 31, 2015 and November 2, 2016. ECF No. 15-7 at 2. Despite the conflicting dates of calculation throughout the briefing, Plaintiff requests a constant amount of accrued interest of $383,722.27.

Accordingly, Plaintiff is directed to re-submit the request for attorneys' fees and costs, with hourly rates and organizational format consistent with Loc. R. 109 and Appendix B (D. Md. July 1, 2016).

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Default Judgment is granted against Magruder in the total amount of $2,760,573.07. Plaintiff shall re-submit its request for attorneys' fees and costs. A separate Order shall issue.

Date: July **21** , 2017

GEORGE J. HAZEL
United States District Judge